FILED
02 AUG 23 PM 2:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 23 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARVIN C. JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 01-H-0046-NE |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

The petitioner, Marvin C. Jenkins, has filed a "Writ of Habeas Corpus," purportedly pursuant to 28 U.S.C. § 2241, attacking his federal conviction and demanding that his conviction and sentence be deemed invalid. (Doc. 1).[1] Upon consideration, the court finds that the petitioner is entitled to no relief and this matter is due to be dismissed.

### BACKGROUND

Petitioner Marvin Jenkins is currently a prisoner at Limestone Correctional Center serving custodial sentences for violations of Alabama state law. (Doc. 14 at Ex. A). On or about April 24, 1996, the petitioner was arrested by Alabama authorities for possession of a controlled substance. (*Id.* at Ex. B (Conviction Report in *State of Alabama v. Marvin Jenkins*, No. 1997-000876, Jefferson County (Bessemer) Circuit Court)). He was also arrested by Alabama authorities on November 3, 1997, for Third-Degree Burglary. (*Id.* at Ex. C (Conviction Report in *State of Alabama v. Marvin Jenkins*, No. 1997-001332, Jefferson County (Bessemer) Circuit Court)).

On July 8, 1998, an indictment was returned in this court charging the petitioner with

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court to this matter.

two counts of distribution of a controlled substance. (Doc. 14 at Ex. D (*United States v. Marvin Jenkins*, CR 98-C-0211-S)). On July 14, 1998, this court issued a writ of habeas corpus ad prosequendum to secure the presence of the petitioner for arraignment on the federal charge. (Doc. 14 at Ex. E). The arraignment was rescheduled to July 22, 1998, "until [his] attorney [could be] present." (Doc. 14 at Ex. F). A second writ of habeas corpus ad prosequendum was issued. (Doc. 14 at Ex. G). On July 22, 1998, the petitioner was arraigned, appointed counsel, and "remanded to custody of the United States Marshal [due to the] pending state charges." (Doc. 14 at Ex. H).

On August 27, 1998, the petitioner's counsel filed a motion to continue his September 8, 1998, federal trial date on the ground that he had "pending charges in state court; [s]aid pending state court charges have complicated plea bargain negotiations . . . . as efforts have been undertaken to reach an agreement which will dispose of all pending state and federal charges; . . . ." (Doc. 14 at Ex. I). The motion to continue was granted on September 2, 1998. (*Id.*).

During the pretrial proceedings, a possible conflict arose and the government was ordered "to prepare a writ for the presence of the defendant at [a] hearing scheduled for October 20, 1998." (Doc. 14 at Ex. M). A writ of habeas corpus ad prosequendum was issued to produce the petitioner for the October 20, 1998 hearing. (Doc. 14 at Ex. N). Following the hearing, the court found that there was no conflict of interest on the part of counsel. (Doc. 14, Ex. O at 2).

On November 10, 1998, the petitioner was convicted on the federal charges following a jury trial. (Doc. 14 at Ex. P). Sentencing was set for April 5, 1999. (Doc. 14 at

Ex. Q). He was sentenced on that day to serve 210 months custody on each charge with the sentences to run concurrently. He was also sentenced to five (5) years supervised release and given a fine. (Doc. 14 at Ex. S).

On May 3, 1999, the petitioner was sentenced to fifteen (15) years custody on his state charges with the sentences to run concurrently with each other and with the federal sentence. Petitioner was received into the custody of the Alabama Department of Corrections on May 23, 1999. (Doc. 14 at Ex. A).

Detainers were placed with the Alabama Department of Corrections concerning the petitioner on June 24, 1999, by the United States Marshal for service of his 210 month sentence and on September 9, 1999, by the state of Georgia for receiving stolen property, forgery, and drug violations. (Doc. 14 at Ex. A).

The petitioner appealed his federal sentence and, on September 28, 2000, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (Doc. 14 at Ex. T).

The petitioner filed the present application for a writ of habeas corpus on January 4, 2001. He contends that his federal conviction is due to be set aside premised on the purported failure of this court to maintain custody of him. (Doc. 1 at 2). The court required the respondent to file an answer addressing the assertions advanced by the petitioner. (Doc. 7). The United States has filed a response, stating that the motion should be denied. (Doc. 14). The court afforded the petitioner an opportunity to reply to the answer of the United States. (Doc. 15). The petitioner filed an affidavit in opposition to the response. (Doc. 16).

## DISCUSSION

As demonstrated above, at the time of his indictment, conviction, and sentencing on the federal drug charges, the petitioner was in the custody of the State of Alabama. Disposition of the federal case was possible premised on this court's ability to obtain his presence for the required proceedings through the use of a writ of habeas corpus ad prosequendum. Through this mechanism, this court was able to "borrow" the petitioner from state authorities for disposition of this case. He was simply "on loan" from the state authorities, which never relinquished primary jurisdiction and custody over him. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). The fact that the petitioner was not convicted or sentenced on the pending state charges until after disposition of the federal charges did not change his status with the state authorities. *See Causey*, 621 F.2d at 693-94.

Simply because Jenkins's federal charges were disposed of before his state offenses does not alter the fact that this court only had temporary custody of him. The state authorities never lost jurisdiction of him. This court, therefore, was required to order him returned to the state authorities so that his outstanding state offenses could be resolved. Thus, the fact that his federal sentence did not commence immediately upon sentencing also did not result in any statutory or constitutional violation. His federal conviction and sentence remain valid. As noted by counsel for the United States, the state has primary jurisdiction over the petitioner "until it relinquishes its priority by either bail release, dismissal of the state charges, parole release or expiration of [his] sentence." (Doc. 14 at 11 (citing *United States v. Smith*, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993)).

To the extent that it could be argued that the petitioner is challenging any aspect

4

concerning the ultimate service of his sentence (e.g., good time credit or computation of actual service), the court finds that it is without jurisdiction to entertain the petition because an inmate is required to exhaust administrative remedies prior to seeking relief via an application for a writ of habeas corpus. *See United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). Because the service of his federal sentence has not commenced, the petitioner has not been able to avail himself of the administrative remedies available within the Bureau of Prisons. *See* 28 C.F.R. §§ 542.10, *et seq*.

## CONCLUSION

Premised on the foregoing, the court finds that the application of the petitioner for a writ of habeas corpus, declaring his conviction and sentence invalid, is due to be denied.

The Clerk of this Court is **DIRECTED** to serve a copy of this memorandum opinion upon the petitioner and counsel for the United States.

**DONE**, this 23rd day of August, 2002.

*[signature]*

**JAMES H. HANCOCK**
Senior United States District Judge

5